**UNITED STATES of America,**
**Appellee,**

v.

**Noli DELAESPADA, Defendant–**
**Appellant.**

No. 05–5386–cr.

United States Court of Appeals,
Second Circuit.

May 9, 2007.

B. Alan Seidler, New York, N.Y., for
Defendant–Appellant.

Sarah Coyne, Assistant United States
Attorney (Roslynn R. Mauskopf, United
States Attorney for the Eastern District of
New York, Emily Berger, Assistant Unit-
ed States Attorney, on the brief), New
York, N.Y., for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Noli Delaespada appeals from a judgment entered on October 3, 2005 in the District Court for the Eastern District of New York (Charles P. Sifton, *Judge*), sentencing him principally to 57 months' imprisonment upon his plea of guilty to one count of illegally re-entering the United States after being removed due to his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). We assume the parties' familiarity with the balance of facts, procedural history, and specification of issues on appeal.

Delaespada contends that the sentence of 57 months' imprisonment is substantively unreasonable because he returned to the United States only to be with his family and his imprisonment will create financial hardships for his children. In addition, he argues that the District Court failed to consider that he was arrested only because he was the victim of a crime, not because he was committing a crime himself.

When reviewing a sentence for reasonableness, we "consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (quoting *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005)) (internal quotation marks omitted and alterations incorporated). "In the overwhelming majority of cases," a sentence falling within the Sentencing Guidelines will be reasonable, but we must "examine the record as a whole to determine whether a sentence is reasonable in a specific case." *Fernandez*, 443 F.3d at 27–28. The record here reveals that in exercising its discretion, District Court properly considered several factors that weigh in favor of a significant sentence, specifically, Delaespada's criminal record, the need for deterrence, and the seriousness of illegal reentry into the United States. *See* 18 U.S.C. § 3553(a); *Crosby*, 397 F.3d at 108.

Delaespada has failed to offer any convincing reason why his sentence falls outside the range of reasonableness in light of the factors considered by the District Court. The facts that he re-entered to be with his family and that his family will suffer hardships due to his imprisonment are not so compelling as to require a different sentence, even if true. *See United States v. Trupin*, 475 F.3d 71, 75 (2d Cir. 2007). Further, the fact that his illegal reentry was discovered only because he was the victim of a crime is irrelevant under § 3553(a), and in any event, he should have been detected in connection with a previous arrest in 2000 when he was found sitting on a bed beside 63 grams of rock cocaine and counting a large amount of money.

For the reasons set forth above, the judgment of the District Court is AFFIRMED.